

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*  *973-645-2700*
*Newark, New Jersey 07102*

JFM/PL AGR
2022R00550

April 12, 2023

Steven D. Altman, Esquire
Benedict, Altman and Nettl            CR. 1:23-00518-001 (RBK)
247 Livingston Avenue
New Brunswick, NJ 08901

      Re: <u>Plea Agreement with Justin Aponte</u>

Dear Counsel:

      This letter sets forth the plea agreement between your client, Justin Aponte ("APONTE" or the "Defendant"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **May 12, 2023**, if it is not accepted in writing by that date. If APONTE does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from APONTE to a Five-Count Information, which charges APONTE with the following: (1) Conspiracy to Distribute Controlled Substances contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(C), in violation of 21 U.S.C. § 846 (Count One); (2) Firearms Trafficking Conspiracy, in violation of 18 U.S.C. § 933(a)(3) (Count Two); (3) Firearms Trafficking, in violation of 18 U.S.C. § 933(a)(1) (Count Three); (4) Possession of Machine Guns, in violation of 18 U.S.C. § 922(o) (Count Four); and (5) Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g) (Count Five).

      If APONTE enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against APONTE for, from in or around May 2022 through in or around January 2023, conspiring with others to distribute or possess with intent to distribute controlled substances or unlawfully possessing, shipping, transporting, transferring, causing to be transported, or otherwise disposing of firearms, including machine guns, or conspiring with others to do the same.

However, the parties agree that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq. And, if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against APONTE even if the applicable statute of limitations period for those charges expires after APONTE signs this agreement, and APONTE agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 21 U.S.C. § 846 to which APONTE agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence of life imprisonment, a mandatory minimum prison sentence of 10 years and a statutory maximum fine equal to $10,000,000.

The violation of 18 U.S.C. § 933(a)(3) to which APONTE agrees to plead guilty in Count Two of the Information carries a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 933(a)(1) to which APONTE agrees to plead guilty in Count Three of the Information carries a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 922(o) to which APONTE agrees to plead guilty in Count Four of the Information carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 922(g)(1) to which APONTE agrees to plead guilty in Count Five of the Information carries a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentences on all Counts may run consecutively to each other or to any prison sentence APONTE is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon APONTE is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence APONTE ultimately will receive.

Further, in addition to imposing any other penalty on APONTE, the sentencing judge as part of the sentence:

(1) will order APONTE to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461, and 21 U.S.C. § 853;

(3) may deny APONTE certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a;

(4) pursuant to 21 U.S.C. § 841, must require APONTE to serve a term of supervised release of at least five years, which will begin at the expiration of any term of imprisonment imposed. Should APONTE be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, APONTE may be sentenced to not more than five years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release; and

(5) pursuant to 18 U.S.C. § 3583, may require APONTE to serve a term of supervised release of not more than three years per count, which will begin at the expiration of any term of imprisonment imposed. Should APONTE be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, APONTE may be sentenced to not more than two years' imprisonment per count in addition to any prison term previously

imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of his acceptance of responsibility, APONTE agrees to forfeit to the United States: (i) pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense charged in Count One of the Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense; and (ii) pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461, any firearms and ammunition involved in the commission of the offenses charged in Counts Two through Five of the Information. Such property includes, but is not limited to, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461, the items listed in Schedule B (the "Forfeitable Property"), which APONTE acknowledges were involved in the commission of knowing violations of 18 U.S.C. §§ 922(g)(1), 922(o), 933(a)(3), and 933(a)(1).

APONTE waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. APONTE understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of APONTE's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. APONTE waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

APONTE also consents to the administrative and/or civil judicial forfeiture of the Forfeitable Property pursuant to 18 U.S.C. § 984. APONTE agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Forfeitable Property and will not cause or assist anyone else in doing so. To the extent APONTE has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Forfeitable Property, such claims or petitions are hereby deemed withdrawn. APONTE further agrees to take all necessary steps to pass clear title to the Forfeitable Property to the United States,

including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

APONTE further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of his right, title, and interest in the Forfeitable Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on APONTE by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of APONTE's activities and relevant conduct with respect to this case.

Stipulations

This Office and APONTE will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and APONTE waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

APONTE understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in APONTE being subject to immigration proceedings and removed from the United States by making APONTE deportable, excludable, or inadmissible, or ending APONTE's naturalization. APONTE understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. APONTE wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause APONTE's removal from the United States. APONTE understands that APONTE is bound by this guilty plea regardless of any immigration consequences. Accordingly, APONTE waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. APONTE also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against APONTE. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude APONTE from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between APONTE and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: */s/ John F. Mezzanotte*
John F. Mezzanotte
Assistant U.S. Attorney

APPROVED:

_____
JAMES M. DONNELLY
Chief, OC/Gangs Unit

- 8 -

    I have received this letter from my attorney, Steven D. Altman, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    Date: 4-12-23
Justin Aponte

    I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date: 4/12/23
Steven D. Altman, Esq.
Counsel for Defendant

Plea Agreement with Justin Aponte

Schedule A

1. This Office and APONTE recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2021, applies in this case.

Count One: Conspiracy to Distribute Controlled Substances

3. The applicable guideline is U.S.S.G. § 2D1.1(c)(5). This guideline carries a Base Offense Level of 30.

Count Two: Firearms Trafficking Conspiracy

4. The applicable guideline is U.S.S.G. § 2K2.1(a)(5). This guideline carries a Base Offense Level of 18.

5. The offense involved 25-99 firearms. This results in an increase of six levels. See U.S.S.G. § 2K2.1(b)(1)(C).

6. One of the firearms involved in the offense was stolen. This results in an increase of two levels. See U.S.S.G. § 2K2.1(b)(4).

7. The defendant engaged in the trafficking of firearms. This results in an increase of four levels. See U.S.S.G. § 2K2.1(b)(5).

8. Accordingly, the total offense level for Count Two is 30.

Count Three: Firearms Trafficking

9. The applicable guideline is U.S.S.G. § 2K2.1(a)(5). This guideline carries a Base Offense Level of 18.

10. The offense involved from 25-99 firearms. This results in an increase of six levels. See U.S.S.G. § 2K2.1(b)(1)(C).

11. One of the firearms involved in the offense was stolen. This results in an increase of two levels. See U.S.S.G. § 2K2.1(b)(4).

12. The defendant engaged in the trafficking of firearms. This results in an increase of four levels. See U.S.S.G. § 2K2.1(b)(5).

13. Accordingly, the total offense level for Count Three is 30.

Count Four:  Possession of Machine Guns

14. The applicable guideline is U.S.S.G. § 2K2.1(a)(5). This guideline carries a Base Offense Level of 18.

15. The defendant engaged in the trafficking of firearms. This results in an increase of four levels. *See* U.S.S.G. § 2K2.1(b)(5).

16. Accordingly, the total offense level for Count Four is 22.

Count Five:  Felon in Possession of a Firearm

17. The applicable guideline is U.S.S.G. § 2K2.1(a)(6)(A). This guideline carries a Base Offense Level of 14.

18. The firearm involved in the offense was stolen. This results in an increase of two levels. *See* U.S.S.G. § 2K2.1(b)(4).

19. The defendant engaged in the trafficking of firearms. This results in an increase of four levels. *See* U.S.S.G. § 2K2.1(b)(5).

20. Accordingly, the total offense level for Count Five is 20.

Grouping of Multiple Counts

21. Counts One through Five group together into a single group. *See* U.S.S.G. § 3D1.2. The offense applicable to the group is 30. *See* U.S.S.G. § 3D1.3.

22. As of the date of this letter, APONTE has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if APONTE's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

23. As of the date of this letter, APONTE has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in APONTE's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) APONTE enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that APONTE's acceptance of responsibility has continued through the date of sentencing and APONTE therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) APONTE's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

24. Accordingly, the parties agree that the total Guidelines offense level applicable to APONTE is 27 (the "Total Offense Level").

25. Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance, subject to any applicable mandatory minimum term of imprisonment.

26. If the term of imprisonment does not exceed 120 months, and except as specified in the next paragraph below, APONTE will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 120 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

27. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

    (b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

## Schedule B

- Sixteen (16) 9mm privately made firearms ("PMFs") (Glock Model 26 style)

- Three (3) 5.56 x 45mm PMF rifles (AR-15 style)

- Three (3) PMF "Glock Switches," or parts designed and intended for use in converting a semiautomatic Glock-style firearm into a fully automatic machinegun

- Four (4) 9mm PMFs (Glock Model 43 style)

- One (1) Bul Cherokee 9mm semiautomatic handgun, bearing serial number CP-22104

- One (1) PMF AR-15 style pistol